## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

JAMES  BOLTON<br>
489 DEANTOWN ROAD<br>
COLDWATER, MS 38618<br>
<br>
LINDA L BURKES<br>
P.O. BOX 468<br>
NICHOLLS, GA 31554<br>
<br>
MARY H COOPER<br>
529 DEGA DRIVE<br>
COLUMBIA, SC 29223<br>
<br>
KENT  DAVIS<br>
3302 ASHMONT LANE<br>
MISSOURI CITY, TX 77459<br>
<br>
MARTHA  FLETCHER<br>
PO BOX 231<br>
HILLIARD, FL 32046<br>
<br>
EVA  FRANKS<br>
1214 C STREET NW<br>
ARDMORE, OK 73401<br>
<br>
WILLIE  GARVIS<br>
1717 EBENENZER PICKENS ROAD<br>
PICKENS, MS 39146<br>
<br>
ERNIE L GASKINS<br>
7610 PENNSYLVANIA AVE<br>
SUITE 300<br>
FORESTVILLE, MD 20747
</td><td>

**Civil Action No.:**
</td></tr>
</table>

DOTTIE L GHOLAR                              )
220 HAMMOND RD                              )
OAK VALE, MS 39656                          )
                                           )
RICHARD  GLENN                             )
PO BOX 111                                 )
MONTICELLO, FL 32345                       )
                                           )
RENA P. GRAVES                             )
2506 STRATFORD DRIVE                       )
COCOA, FL 32926                            )
                                           )
EDWARD G. GREGORY                          )
10258 HOLLYGROVE MEAKS ROAD                )
LEXINGTON, MS 39095                        )
                                           )
ARTHUR  HALL                               )
62 COUNTY ROAD 891                         )
SAFFORD, AL 36773                          )
                                           )
CAROLYN  HALL                              )
254 JOE HOP WILLIAMS ROAD                  )
BEULAVILLE, NC 28518                       )
                                           )
JIMMIE  HARDY                              )
12 09 WARD STREET                          )
GREENSBORO, AL 36744                       )
                                           )
RODNEY  JACKSON SR.                        )
P.O. BOX 612                               )
DALEVILLE, AL 36322                        )
                                           )
MARY ALICE JAMES                           )
333 E. CHARITY ROAD                        )
ROSE HILL, NC 28458                        )
                                           )

2

BARBARA G KING                          )
5901 NORTHWEST HIGHWAY 32               )
LOT 29                                  )
DOUGLAS, GA 31533                       )
                                        )
CHARLOTTE N. LEE                        )
1211 WARD STREET                        )
GREENSBORO, AL 36744                    )
                                        )
MARY A LEWIS                            )
PO BOX 323                              )
HAYNEVILLE, AL 36040                    )
                                        )
JIMMY  LOWE                             )
8801 RIDGE ROAD                         )
CALEDONIA, MS 39740                     )
                                        )
MELVIN  MANNING                         )
930 MIT ROAD                            )
DOUGLAS, GA 31533                       )
                                        )
IRIS L. MIZELL                          )
14681 HIGHWAY 32 W.                     )
WRAY, GA 31798                          )
                                        )
LAWRENCE W MORGAN                       )
RT 1 BOX 1135                           )
HASKELL, OK 74436                       )
                                        )
BETTY R. NELSON                         )
3265 CORBON ROAD                        )
FAYETTE, MS 39069                       )
                                        )
MILDRED  NELSON                         )
1002 S. COFFEE AVENUE                   )
DOUGLAS, GA 31533                       )
                                        )

3

BOBBIE  PACE                                )
1901 VIVIAN AVE                             )
DOUGLAS, GA 31535                           )
                                            )
MADGLEAN  PACE                              )
747 CYPRESS STREET                          )
AMBROSE, GA 31512                           )
                                            )
MANSFIELD  PACE JR.                         )
835 KINGWOOD ROAD                           )
DOUGLAS, GA 31533                           )
                                            )
MARCUS  PACE                                )
2605 HIGHWAY 32 WEST                        )
DOUGLAS, GA 31533                           )
                                            )
VERLEAN  PRITCHETT                          )
450 E. 48TH STREET                          )
LOS ANGELES, CA 90011                       )
                                            )
DONALD  SMITH                               )
20835 ALABAMA HIGHWAY 69                    )
GREENSBORO, AL 36744                        )
                                            )
VERNON  SMITH                               )
P.O. BOX 519                                )
TCHULA,, MS 39169                           )
                                            )
DEBRA  WARD                                 )
1509 NORTH WARD STREET                      )
GREENSBORO, AL 36744                        )
                                            )
J.B.  WILLIAMS                              )
1123 3RD ROAD                               )
GREENSBORO, AL 36744                        )
                                            )

JUANITA  WILSON                                      )
4501 JOE ELLIS ROAD                                  )
BROXTON, GA 31519                                    )
                                                     )
ALICE M WOLFE                                        )
597 TWILIGHT CHURCH ROAD                             )
COLQUITT, GA 39837                                   )
                                                     )
CLARENCE  WOODS                                      )
64 WOODS ROAD                                        )
INDIANOLA, MS 38751                                  )
                                                     )
                              PLAINTIFFS,            )
                         v.                          )
                                                     )
ED SCHAFER, SECRETARY, THE UNITED                    )
STATES DEPARTMENT OF AGRICULTURE,                    )
14TH AND INDEPENDENCE AVENUE, SW                     )
WASHINGTON, D.C. 20250                               )
                                                     )
                              DEFENDANT,             )
_____     )

## COMPLAINT - CIVIL ACTION

Plaintiffs, by and through their attorneys, POGUST & BRASLOW & MILLROOD,

LLC,  allege upon information and belief the following:

## NATURE OF ACTION

This case involves the United States Department of Agriculture's (herein "USDA"),

failure to adequately process, review, and adjudicate, claims made by African American farmers

for farm loans, credits, benefits, and participation in federal farm programs pursuant to the

settlement terms and consent decree entered into in the matter of *Timothy Pigford v. Dan*

*Glickman, Secretary, United States Department of Agriculture.*

1.     The USDA's Farm Service Agency ("FSA"), formed in 1994, provides commodity program benefits including but not limited to deficiency payments, price support loans, conservation reserve benefits, disaster payments, farm loans and other farm credits benefits to U.S. farmers.

2.     Defendant Ed Schafer, Secretary of the United States Department of Agriculture ("USDA") is the federal official responsible for the administration of the FSA and administers the federal farm programs through a review system consisting of: 1) county offices and committees, (2) state offices and committees, and (3) a federal level of review in Washington, D.C., the National Appeals Division ("NAD").

3.    The process by which farmers apply for FSA loans, included in pertinent part, an application and review through county and states offices, pursuant to 7 C.F.R. § 1910 *et. seq.*; 7 C.F.R. § Part 700, *et. seq.*, and Commodity Credit Corporation ("CCC") Regulations, 7 C.F.R. § 1400 *et .seq.*

4.     As a result of Title VI Civil Rights Act of 1964, the USDA promulgated regulations setting forth that "no person in the United States shall, on the ground race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity o fan applicant or recipient receiving Federal financial assistance from the Department of Agriculture or any Agency thereof." 7 C.F.R. § 15.1.

5.     Furthermore, the Equal Credit Opportunity Act ("EEOA") prohibits discrimination in the application of credit based on sex, martial status, race, color, age, or national origin, and

6

religion. 15 U.S.C. § 1691(a).

6.   Despite the various federal standards and regulations, there arose among African-American farmers allegations of unfair and discriminatory treatment when applying to local county committees for farm loans and assistance.

7.   In 1983, the USDA disbanded its Office of Civil Rights and discontinued its investigation and adjudication of claims of discrimination, leaving a significant number of African American farmers with unresolved Complaints.

8.   As a result, significant economic disparities continued to develop between African-American and white farmers, where "the participation of black farmers in the FHA loan program fell from 5.4 percent in 1980 to 1.5 in 1986 [where] between 1981 and 1984 the percentage of FHA loans going to whites increased from 87 to 91 percent."

9.   In response to such complaints, the USDA commissioned a study to "analyze the treatment of minorities ... in FSA programs and study" and concluded that "minority participation in FSA programs was very low and received less than their fair share of USDA money for crop payments, disaster payments, and loans."

10.   In December of 1996, the USDA by way of former Secretary of Agriculture, Dan Glickman, appointed a Civil Rights Action Team (CRAT) and a USDA Civil Rights Task Force, which after examining the issue of discrimination, similarly concluded that "minority farmers have lost significant amounts of land and potential farm income as a result of discrimination by FSA programs and the programs of its predecessor agencies ... the process

7

for resolving complaints has failed ... appeals are often delayed and for too long ... favorable decisions are too often reversed."

11.    A separate report by the Office of Inspector General of the USDA also determined that "the USDA had a backlog of complaints of discrimination that had never been processed, investigated, or resolved."

12.    On August 28, 1997, three African American farmers on behalf of themselves and a class six-hundred and forty-one other African American farmers, in the matter of *Timothy Pigford v. Dan Glickman, Secretary, United States Department of Agriculture*, 185 F.R.D. 82 (D.D.C. April 14, 1999) (NO. CIV. A. 97-1978) filed in this Court, suit claiming "racial discrimination in the administration of the USDA programs..." and claims for violations of the Fifth Amendment; the Administrative Procedure Act, 5 U.S.C. § 551 et. seq.; Title VI of the Civil Rights Act of 1964; 42 U.S.C. § 2000d; and the Equal Credit Opportunity Act ("ECOA"); and 15 U.S.C. § 1691. *Id.* at 185 F.R.D. 82, 89 (1999).

13.    In July of 1998, another class action, *Cecil Brewington v. Dan Glickman, Secretary, United States Department of Agriculture* 185 F.R.D. 82 (D.D.C. April 14, 1999) (NO. CIV. A. 98-1693), was filed with similar allegations and eventually consolidated with *Pigford* matter. 185 F.R.D. 82, 89 (April 14, 1999).

14.    On April 14, 1999 this Court ordered by way of a Consent Decree, a settlement of such discrimination claims, allowing class members to choose between two claims procedures, known as Track A and Track B.

15.    Pursuant to the Consent Decree, a class member was eligible to participate in the

8

settlement if they met the following criteria: An African American who (1) farmed or attempted

to farm between January 1981 and December 31, 1996, (2) applied to USDA for farm credit or

program benefits and believes he or she was discriminated against by the USDA on the basis of

race, and (3) made a complaint against the USDA on or before July 1, 1997.

16.    In order to provide for relief for those class members that had "little in the way of

documentation or proof of either discriminatory treatment or damages suffered", Track A

claimants were allowed to "meet only a minimal burden of proof (i.e. substantial evidence or

reasonable basis for finding discrimination)". Upon the proof of such discrimination the

claimant would be entitled to an award of $50,000.00.

17.    For Track B claims, claimants were required to prove discrimination by a

"preponderance of evidence". Such claims were not limited by any cap on the damages

recoverable.

18.    Since this Court's April 14, 1999 approval of the Consent Decree, a significant

number of appeals, motions, and procedural amendments have followed, on the basis that the

Consent Decree was "unfair in certain respects and should be set aside."

19.    Specifically, there is evidence of large percentage of denials among Track A and

Track B Claimants, where African American farmers have experienced "poor access to USDA

files" and therefore could not adequately demonstrate discrimination.

20.    Subsequent reports of the Consent Decree have similarly concluded that a large

percentage of farmers did not have an opportunity to have their claims decided on the merits

9

because they had filed late or untimely claims.

21.    A significant number of those claimants initially denied relief under the late filing procedures were similarly denied relief after a request for reconsideration of their petitions. In particular, it has been estimated that of the 20,700 requests for reconsideration, approximately 17,279 requests were denied while a mere 113 petitions were approved.

22.    On May 22, 2008, the Food and Energy Security Act of 2007 (hereinafter "Act ") became law.

23.    Section 5402 (b) of the Food and Energy Security Act of 2007, provides that "any *Pigford* claimant who has not previously obtained a determination of the merits of a *Pigford* claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain that determination" (italics added).

24.    The Act similarly defines a "*Pigford* Claim" as "a discrimination complaint, as defined by section 1(h) of that consent decree and documented under section 5(b) of that consent decree."

25.    Pursuant to Section 5402(b) of the Food and Energy Security Act of 2007, Plaintiffs have filed the instant action.

## JURISDICTION

26.    Jurisdiction is founded upon Section 5402(b) of the Food and Energy Security Act of 2007.

## VENUE

27.    Venue lies in this judicial district because the claim arose in this judicial district, and

10

pursuant to Section 5402(b) of the Food and Energy Security Act of 2007.

28.     Upon information and belief, Defendant USDA, which is located in this District, is
responsible for the discrimination of thousands of African-American farmers in the application,
processing, and distribution of farming loans, credits, assistance, and benefits, resulting in harm
and damage to Plaintiffs, making this forum appropriate for the litigation of the claims of the
entire Class.

## PARTIES

29.     Plaintiff, James  Bolton is an African-American farmer residing in Coldwater, MS
who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

30.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

31.     Plaintiff was given Tracking # 64558-00 and Affidavit # 03460 by the claims
Monitor.

32.     In or about 1986 plaintiff applied for a government loan to assist in the operation

11

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

33.     Plaintiff, Linda L Burkes is an African-American farmer residing in Nicholls, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

34.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

35.     Plaintiff was given Tracking # 129190 and Affidavit # 73427 by the claims Monitor.

36.     In or about 1987 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

37.     Plaintiff, Mary H Cooper is an African-American farmer residing in Columbia, SC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1,

12

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

      38.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

      39.     Plaintiff was given Tracking # 49787 by the claims Monitor.

      40.     In or about 1985 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

      41.     Plaintiff, KENT DAVIS is an African-American farmer residing in Missouri City,

TX who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and

(b) applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

13

42.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

43.    Plaintiff was given Tracking # 12174200 and Affidavit # 51539 by the claims Monitor.

44.    In or about 1984 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

45.    Plaintiff, Martha Fletcher is an African-American farmer residing in Hilliard, FL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

46.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

47.    Plaintiff was given Tracking # 00004817900 by the claims Monitor.

48.    In or about 2002 plaintiff applied for a government loan to assist in the operation

14

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

49.    Plaintiff, Eva  Franks is an African-American farmer residing in Ardmore, OK who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

50.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

51.    Plaintiff was given Tracking # 68865-00 by the claims Monitor.

52.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

53.    Plaintiff, Willie  Garvis is an African-American farmer residing in Pickens, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

15

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

54.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

55.     Plaintiff was given Tracking # 1575 by the claims Monitor.

56.     In or about 1994 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

57.     Plaintiff, Ernie L Gaskins is an African-American farmer residing in Forestville, MD who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

58.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

16

the claims Monitor for reasons other than the merits of the claim.

59.     Plaintiff was given Tracking # 26658-00 by the claims Monitor.

60.     In or about 1981 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

61.     Plaintiff, Dottie L Gholar is an African-American farmer residing in Oak Vale, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

62.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

63.     Plaintiff was given Tracking # 73894 by the claims Monitor.

64.     In or about 1991 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

65.     Plaintiff, Richard  Glenn is an African-American farmer residing in Monticello, FL

17

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

66.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

67.    Plaintiff was given Tracking # 143 by the claims Monitor.

68.    In or about 1977 plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

69.    Plaintiff, Rena P. Graves is an African-American farmer residing in Cocoa, FL
who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

18

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

70.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

71.     Plaintiff was given Tracking # 02503700000 by the claims Monitor.

72.      In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

73.     Plaintiff, Edward G. Gregory is an African-American farmer residing in Lexington, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

74.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

75.     Plaintiff was given Tracking # 500003____ and Claim # 317 by the claims Monitor.

76.      In or about 1990 plaintiff applied for a government loan to assist in the operation

19

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

77.    Plaintiff, Arthur  Hall is an African-American farmer residing in Safford, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

78.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

79.    Plaintiff was given Tracking # 1521 by the claims Monitor.

80.    In or about 1990 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

81.    Plaintiff, Carolyn  Hall is an African-American farmer residing in Beulaville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

20

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

82.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

83.     Plaintiff was given Tracking # 127045 by the claims Monitor.

84.      In or about 1979 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

85.      Plaintiff, Jimmie  Hardy is an African-American farmer residing in Greensboro, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

86.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

21

the claims Monitor for reasons other than the merits of the claim.

87.     Plaintiff was given Tracking # 116833 by the claims Monitor.

88.     In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

89.     Plaintiff, Rodney  Jackson is an African-American farmer residing in Daleville, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

90.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

91.     Plaintiff was given Tracking # 00006570600 and Affidavit # 03251 by the claims Monitor.

92.     In or about 1986 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

22

plaintiff's race.

93.     Plaintiff, Mary Alice James is an African-American farmer residing in Rose Hill,

NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and

(b) applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

94.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

95.     Plaintiff was given Tracking # 28377 by the claims Monitor.

96.      In or about 1993 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

97.     Plaintiff, Barbara G King is an African-American farmer residing in Douglas, GA

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

23

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

98.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

99.    Plaintiff was given Tracking # 00007020200 and Affidavit # 03265 by the claims

Monitor.

100.    In or about 1984 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

101.    Plaintiff, Charlotte N. Lee is an African-American farmer residing in Greensboro,

AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and

(b) applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

102.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

24

the claims Monitor for reasons other than the merits of the claim.

103.    Plaintiff was given Tracking # 135692 by the claims Monitor.

104.    In or about 1986 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

105.    Plaintiff, MARY A LEWIS is an African-American farmer residing in HAYNEVILLE, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

106.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

107.    Plaintiff was given Tracking # 69565 by the claims Monitor.

108.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

109.    Plaintiff, Jimmy  Lowe is an African-American farmer residing in Caledonia, MS

25

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

110.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

111.    Plaintiff was given Tracking # 26476-00 by the claims Monitor.

112.    In or about 1983-84 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

113.    Plaintiff, Melvin  Manning is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

26

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

114.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

115.    Plaintiff was given Tracking # 3382500 by the claims Monitor.

116.    In or about 1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

117.    Plaintiff, Iris L. Mizell is an African-American farmer residing in Wray, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

118.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

119.    Plaintiff was given Tracking # 116650 and Affidavit # 61642 by the claims

27

Monitor.

120.    In or about 1989 plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

121.    Plaintiff, Lawrence W Morgan is an African-American farmer residing in Haskell,
OK who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996,
and (b) applied for various loan programs with the Defendant USDA during the years of January
1, 1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

122.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

123.    Plaintiff was given Tracking # 16292-00 and Claim # 6169 by the claims Monitor.

124.    In or about 1990 plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

125.    Plaintiff, Betty R. Nelson is an African-American farmer residing in Fayette, MS

28

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

126.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

127.    Plaintiff was given Tracking # 000055452 by the claims Monitor.

128.    In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

129.    Plaintiff, Mildred  Nelson is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

29

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

130.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

131.    Plaintiff was given Tracking # 98588 by the claims Monitor.

132.    In or about 1986 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

133.    Plaintiff, Bobbie Pace is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

134.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

135.    Plaintiff was given Tracking # 128117 by the claims Monitor.

136.    In or about 1982 plaintiff applied for a government loan to assist in the operation

30

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

137.    Plaintiff, Madglean Pace is an African-American farmer residing in Ambrose, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

138.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

139.    Plaintiff was given Tracking # 39118-00 and Affidavit # 39762 and 91944 by the claims Monitor.

140.    In or about 1970 & 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

141.    Plaintiff, Mansfield Pace is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1,

31

1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

142.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

143.    Plaintiff was given Tracking # 4970700 and Affidavit # 52542 by the claims Monitor.

144.     In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

145.    Plaintiff, Marcus  Pace is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

32

substantial damages.

146.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

147.    Plaintiff was given Tracking # 4970800 and Affidavit # 49344 by the claims Monitor.

148.    In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

149.    Plaintiff, Verlean Pritchett is an African-American farmer residing in Los Angeles, CA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

150.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

151.    Plaintiff was given Tracking # 00006808600 by the claims Monitor.

152.    In or about 1980's plaintiff applied for a government loan to assist in the

33

operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

153.    Plaintiff, Donald  Smith is an African-American farmer residing in Greensboro, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

154.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

155.    Plaintiff was given Tracking # 13253 by the claims Monitor.

156.     In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

157.    Plaintiff, Vernon  Smith is an African-American farmer residing in Tchula,, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

34

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

158.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

159.    Plaintiff was given Tracking # 500001503-00 by the claims Monitor.

160.    In or about 1992 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

161.    Plaintiff, Debra  Ward is an African-American farmer residing in Greensboro, AL

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

162.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

35

the claims Monitor for reasons other than the merits of the claim.

163.     Plaintiff was given Tracking # 117299 by the claims Monitor.

164.     In or about 1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

165.     Plaintiff, J.B.  Williams is an African-American farmer residing in Greensboro, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

166.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

167.     Plaintiff was given Tracking # 13803 by the claims Monitor.

168.     In or about 1983-1996 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

169.     Plaintiff, Juanita  Wilson is an African-American farmer residing in Broxton, GA

36

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

170.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

171.    Plaintiff was given Tracking # 39922 by the claims Monitor.

172.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

173.    Plaintiff, Alice M Wolfe is an African-American farmer residing in Colquitt, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

37

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

174.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

175.    Plaintiff was given Tracking # 582-00 and Affidavit # 28843 by the claims Monitor.

176.    In or about 1992 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

177.    Plaintiff, Clarence Woods is an African-American farmer residing in Indianola, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

178.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

179.    Plaintiff was given Claim # 72455 by the claims Monitor.

38

180.     In or about 1993 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

## COUNT I - REQUEST FOR RELIEF UNDER SECTION 5402 (DETERMINATION ON THE MERITS OF PIGFORD CLAIMS) OF THE FOOD AND ENERGY SECURITY ACT OF 2007

181.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if

fully set forth herein.

182.     Each of the Plaintiffs is an individual who had requested relief in the matter of

*Pigford v. Glickman* but was refused compensation by the claims monitor who claimed that the

Plaintiffs filed late or untimely claims. Therefore Plaintiffs never had their claims determined base

upon the merits of those claims.

183.     Pursuant to Section 5402 (Determination on Merits of Pigford Claims) of the

Act, Plaintiffs request that within sixty (60) days of filing of this Complaint that the Defendant

provide to the Plaintiffs a report on farm credit loans made within the Plaintiffs' county or

adjacent county by the Department during the period beginning on January 1 of the year

preceding the year or years covered by the Complaint and ending on December 31 of the year

following such year or years.

WHEREFORE, pursuant to Section 5402 (Determination on Merits of Pigford Claims),

Subsection (f), of the Food and Energy Security Act of 2007, Plaintiffs, individually, demand

judgment in their favor in the amount of $50,000.00 plus other relief afforded by the Act.

39

Respectfully Submitted,

BY: _____

Harris L. Pogust, Esquire
D.C. Bar No. AR0001
Pogust Braslow & Millrood, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
610-941-4204 ph.
610-941-4245 fax

**DATED:** __6/19__ **2008**

## VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct.

Executed on ____6/19____, 2008.    X _____

40

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JAMES BOLTON, et al. | ED SCHAFER, SECRETARY, THE UNITED STATES DEPARTMENT OF AGRICULTURE |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| POGUST BRASLOW & MILLROOD, LLC 161 WASHINGTON STREET, SUITE 1520 CONSHOHOCKEN, PA 19428 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A–N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ⊙ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

SECTION 5402(b) OF THE FOOD AND ENERGY SECURITY ACT OF 2007 (PIGFORD CLAIMS REQUIRING "all claimants to file" IN THIS DISTRICT.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** ⌐ _ _ _ _ _ _ _ ⌐   Check YES only if demanded in complaint<br>**JURY DEMAND:**    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  6/19/08    SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   **I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   **III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed _only_ if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   **IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the _primary_ cause of action found in your complaint. You may select only _one_ category. You _must_ also select _one_ corresponding nature of suit found under the category of case.

   **VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   **VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.