UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES BOLTON<br>489 DEANTOWN ROAD<br>COLDWATER, MS 38618 | )<br>)<br>)<br>)<br>) |
| LINDA L BURKES<br>P.O. BOX 468<br>NICHOLLS, GA 31554 | )<br>) **Civil Action No.:08-cv-1070 PLF**<br>)<br>) |
| MARY H COOPER<br>529 DEGA DRIVE<br>COLUMBIA, SC 29223 | )<br>)<br>)<br>) |
| KENT DAVIS<br>3302 ASHMONT LANE<br>MISSOURI CITY, TX 77459 | )<br>)<br>)<br>) |
| MARTHA FLETCHER<br>PO BOX 231<br>HILLIARD, FL 32046 | )<br>)<br>)<br>) |
| EVA FRANKS<br>1214 C STREET NW<br>ARDMORE, OK 73401 | )<br>)<br>)<br>) |
| WILLIE GARVIS<br>1717 EBENENZER PICKENS ROAD<br>PICKENS, MS 39146 | )<br>)<br>)<br>) |
| ERNIE L GASKINS<br>7610 PENNSYLVANIA AVE<br>SUITE 300<br>FORESTVILLE, MD 20747 | )<br>)<br>)<br>)<br>) |

DOTTIE L GHOLAR )
220 HAMMOND RD )
OAK VALE, MS 39656 )
)
RICHARD  GLENN )
PO BOX 111 )
MONTICELLO, FL 32345 )
)
RENA P. GRAVES )
2506 STRATFORD DRIVE )
COCOA, FL 32926 )
)
EDWARD G. GREGORY )
10258 HOLLYGROVE MEAKS ROAD )
LEXINGTON, MS 39095 )
)
ARTHUR  HALL )
62 COUNTY ROAD 891 )
SAFFORD, AL 36773 )
)
CAROLYN  HALL )
254 JOE HOP WILLIAMS ROAD )
BEULAVILLE, NC 28518 )
)
JIMMIE  HARDY )
12 09 WARD STREET )
GREENSBORO, AL 36744 )
)
RODNEY  JACKSON SR. )
P.O. BOX 612 )
DALEVILLE, AL 36322 )
)
MARY ALICE JAMES )
333 E. CHARITY ROAD )
ROSE HILL, NC 28458 )
)

BARBARA G KING                           )
5901 NORTHWEST HIGHWAY 32                 )
LOT 29                                    )
DOUGLAS, GA 31533                         )
                                          )
CHARLOTTE N. LEE                          )
1211 WARD STREET                          )
GREENSBORO, AL 36744                      )
                                          )
MARY A LEWIS                              )
PO BOX 323                                )
HAYNEVILLE, AL 36040                      )
                                          )
JIMMY  LOWE                               )
8801 RIDGE ROAD                           )
CALEDONIA, MS 39740                       )
                                          )
MELVIN  MANNING                           )
930 MIT ROAD                              )
DOUGLAS, GA 31533                         )
                                          )
IRIS L. MIZELL                            )
14681 HIGHWAY 32 W.                       )
WRAY, GA 31798                            )
                                          )
LAWRENCE W MORGAN                         )
RT 1 BOX 1135                             )
HASKELL, OK 74436                         )
                                          )
BETTY R. NELSON                           )
3265 CORBON ROAD                          )
FAYETTE, MS 39069                         )
                                          )
MILDRED  NELSON                           )
1002 S. COFFEE AVENUE                     )
DOUGLAS, GA 31533                         )
                                          )

3

BOBBIE  PACE                                          )
1901 VIVIAN AVE                                       )
DOUGLAS, GA 31535                                     )
                                                     )
MADGLEAN  PACE                                        )
747 CYPRESS STREET                                    )
AMBROSE, GA 31512                                     )
                                                     )
MANSFIELD  PACE JR.                                   )
835 KINGWOOD ROAD                                     )
DOUGLAS, GA 31533                                     )
                                                     )
MARCUS  PACE                                          )
2605 HIGHWAY 32 WEST                                  )
DOUGLAS, GA 31533                                     )
                                                     )
VERLEAN  PRITCHETT                                    )
450 E. 48TH STREET                                    )
LOS ANGELES, CA 90011                                 )
                                                     )
DONALD  SMITH                                         )
20835 ALABAMA HIGHWAY 69                              )
GREENSBORO, AL 36744                                  )
                                                     )
VERNON  SMITH                                         )
P.O. BOX 519                                          )
TCHULA,, MS 39169                                     )
                                                     )
DEBRA  WARD                                           )
1509 NORTH WARD STREET                                )
GREENSBORO, AL 36744                                  )
                                                     )
J.B.  WILLIAMS                                        )
1123 3RD ROAD                                         )
GREENSBORO, AL 36744                                  )
                                                     )

4

| | |
|---|---|
| JUANITA  WILSON | ) |
| 4501 JOE ELLIS ROAD | ) |
| BROXTON, GA 31519 | ) |
| | ) |
| ALICE M WOLFE | ) |
| 597 TWILIGHT CHURCH ROAD | ) |
| COLQUITT, GA 39837 | ) |
| | ) |
| CLARENCE  WOODS | ) |
| 64 WOODS ROAD | ) |
| INDIANOLA, MS 38751 | ) |
| | ) |
| PLAINTIFFS, | ) |
| v. | ) |
| | ) |
| ED SCHAFER, SECRETARY, THE UNITED | ) |
| STATES DEPARTMENT OF AGRICULTURE, | ) |
| 14TH AND INDEPENDENCE AVENUE, SW | ) |
| WASHINGTON, D.C. 20250 | ) |
| | ) |
| DEFENDANT, | ) |
| | ) |

## AMENDED COMPLAINT - CIVIL ACTION

Plaintiffs, by and through their attorneys, POGUST & BRASLOW & MILLROOD,

LLC,  allege upon information and belief the following:

## NATURE OF ACTION

This case involves the United States Department of Agriculture's (herein "USDA"),

failure to adequately process, review, and adjudicate, claims made by African American farmers

for farm loans, credits, benefits, and participation in federal farm programs pursuant to the

settlement terms and consent decree entered into in the matter of *Timothy Pigford v. Dan*

*Glickman, Secretary, United States Department of Agriculture.*

5

1.    The USDA's Farm Service Agency ("FSA"), formed in 1994, provides commodity program benefits including but not limited to deficiency payments, price support loans, conservation reserve benefits, disaster payments, farm loans and other farm credits benefits to U.S. farmers.

2.    Defendant Ed Schafer, Secretary of the United States Department of Agriculture ("USDA") is the federal official responsible for the administration of the FSA and administers the federal farm programs through a review system consisting of: 1) county offices and committees, (2) state offices and committees, and (3) a federal level of review in Washington, D.C., the National Appeals Division ("NAD").

3.    The process by which farmers apply for FSA loans, included in pertinent part, an application and review through county and states offices, pursuant to 7 C.F.R. § 1910 *et. seq.*; 7 C.F.R. § Part 700, *et. seq*., and Commodity Credit Corporation ("CCC') Regulations, 7 C.F.R. § 1400 *et .seq.*

4.    As a result of Title VI Civil Rights Act of 1964, the USDA promulgated regulations setting forth that "no person in the United States shall, on the ground race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity o fan applicant or recipient receiving Federal financial assistance from the Department of Agriculture or any Agency thereof." 7 C.F.R. § 15.1.

5.    Furthermore, the Equal Credit Opportunity Act ("EEOA") prohibits discrimination in the application of credit based on sex, martial status, race, color, age, or national origin, and

6

religion. 15 U.S.C. § 1691(a).

     6.    Despite the various federal standards and regulations, there arose among African-American farmers allegations of unfair and discriminatory treatment when applying to local county committees for farm loans and assistance.

     7.    In 1983, the USDA disbanded its Office of Civil Rights and discontinued its investigation and adjudication of claims of discrimination, leaving a significant number of African American farmers with unresolved Complaints.

     8.    As a result, significant economic disparities continued to develop between African-American and white farmers, where "the participation of black farmers in the FHA loan program fell from 5.4 percent in 1980 to 1.5 in 1986 [where] between 1981 and 1984 the percentage of FHA loans going to whites increased from 87 to 91 percent."

     9.    In response to such complaints, the USDA commissioned a study to "analyze the treatment of minorities … in FSA programs and study" and concluded that "minority participation in FSA programs was very low and received less than their fair share of USDA money for crop payments, disaster payments, and loans."

     10.    In December of 1996, the USDA by way of former Secretary of Agriculture, Dan Glickman, appointed a Civil Rights Action Team (CRAT) and a USDA Civil Rights Task Force, which after examining the issue of discrimination, similarly concluded that "minority farmers have lost significant amounts of land and potential farm income as a result of discrimination by FSA programs and the programs of its predecessor agencies … the process

for resolving complaints has failed ... appeals are often delayed and for too long ... favorable decisions are too often reversed."

11.    A separate report by the Office of Inspector General of the USDA also determined that "the USDA had a backlog of complaints of discrimination that had never been processed, investigated, or resolved."

12.    On August 28, 1997, three African American farmers on behalf of themselves and a class six-hundred and forty-one other African American farmers, in the matter of *Timothy Pigford v. Dan Glickman, Secretary, United States Department of Agriculture*, 185 F.R.D. 82 (D.D.C. April 14, 1999) (NO. CIV. A. 97-1978) filed in this Court, suit claiming "racial discrimination in the administration of the USDA programs..." and claims for violations of the Fifth Amendment; the Administrative Procedure Act, 5 U.S.C. § 551 et. seq.; Title VI of the Civil Rights Act of 1964; 42 U.S.C. § 2000d; and the Equal Credit Opportunity Act ("ECOA"); and 15 U.S.C. § 1691. *Id.* at 185 F.R.D. 82, 89 (1999).

13.    In July of 1998, another class action, *Cecil Brewington v. Dan Glickman, Secretary, United States Department of Agriculture* 185 F.R.D. 82 (D.D.C. April 14, 1999) (NO. CIV. A. 98-1693), was filed with similar allegations and eventually consolidated with *Pigford* matter. 185 F.R.D. 82, 89 (April 14, 1999).

14.    On April 14, 1999 this Court ordered by way of a Consent Decree, a settlement of such discrimination claims, allowing class members to choose between two claims procedures, known as Track A and Track B.

15.    Pursuant to the Consent Decree, a class member was eligible to participate in the

8

settlement if they met the following criteria: An African American who (1) farmed or attempted to farm between January 1981 and December 31, 1996, (2) applied to USDA for farm credit or program benefits and believes he or she was discriminated against by the USDA on the basis of race, and (3) made a complaint against the USDA on or before July 1, 1997.

16.    In order to provide for relief for those class members that had "little in the way of documentation or proof of either discriminatory treatment or damages suffered", Track A claimants were allowed to "meet only a minimal burden of proof (i.e. substantial evidence or reasonable basis for finding discrimination)". Upon the proof of such discrimination the claimant would be entitled to an award of $50,000.00.

17.    For Track B claims, claimants were required to prove discrimination by a "preponderance of evidence". Such claims were not limited by any cap on the damages recoverable.

18.    Since this Court's April 14, 1999 approval of the Consent Decree, a significant number of appeals, motions, and procedural amendments have followed, on the basis that the Consent Decree was "unfair in certain respects and should be set aside."

19.    Specifically, there is evidence of large percentage of denials among Track A and Track B Claimants, where African American farmers have experienced "poor access to USDA files" and therefore could not adequately demonstrate discrimination.

20.    Subsequent reports of the Consent Decree have similarly concluded that a large percentage of farmers did not have an opportunity to have their claims decided on the merits

9

because they had filed late or untimely claims.

21.     A significant number of those claimants initially denied relief under the late filing procedures were similarly denied relief after a request for reconsideration of their petitions.  In particular, it has been estimated that of the 20,700 requests for reconsideration, approximately 17,279 requests were denied while a mere 113 petitions were approved.

22.     On May 22, 2008, the Food, Conservation, and Energy Act of 2008 (hereinafter "Act ") became law.

23.     Section 14012(b) of the Food, Conservation, and Energy Act of 2008, provides that "any *Pigford* claimant who has not previously obtained a determination of the merits of a *Pigford* claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain that determination" (italics added).

24.     The Act similarly defines a "*Pigford* Claim" as "a discrimination complaint, as defined by section 1(h) of that consent decree and documented under section 5(b) of that consent decree."

25.     Pursuant to Section 14012(b) of the Food, Conservation, and Energy Act of 2008, Plaintiffs have filed the instant action.

## JURISDICTION

26.     Jurisdiction is founded upon Section 14012(b) of the Food, Conservation, and Energy Act of 2008.

## VENUE

27.     Venue lies in this judicial district because the claim arose in this judicial district, and

pursuant to Section 14012(b) of the Food, Conservation, and Energy Act of 2008.

28.    Upon information and belief, Defendant USDA, which is located in this District, is responsible for the discrimination of thousands of African-American farmers in the application, processing, and distribution of farming loans, credits, assistance, and benefits, resulting in harm and damage to Plaintiffs, making this forum appropriate for the litigation of the claims of the entire Class.

## PARTIES

29.    Plaintiff, James Bolton is an African-American farmer residing in Coldwater, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

30.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

31.    Plaintiff was given Tracking # 64558-00 and Affidavit # 03460 by the claims Monitor.

32.    In or about 1986 plaintiff applied for a government loan to assist in the operation

11

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

33.    Plaintiff, Linda L Burkes is an African-American farmer residing in Nicholls, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

34.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

35.    Plaintiff was given Tracking # 129190 and Affidavit # 73427 by the claims Monitor.

36.    In or about 1987 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

37.    Plaintiff, Mary H Cooper is an African-American farmer residing in Columbia, SC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

38.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

39.     Plaintiff was given Tracking # 49787 by the claims Monitor.

40.     In or about 1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

41.     Plaintiff, KENT DAVIS is an African-American farmer residing in Missouri City, TX who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

13

42.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

43.    Plaintiff was given Tracking # 12174200 and Affidavit # 51539 by the claims Monitor.

44.    In or about 1984 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

45.    Plaintiff, Martha Fletcher is an African-American farmer residing in Hilliard, FL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

46.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

47.    Plaintiff was given Tracking # 00004817900 by the claims Monitor.

48.    In or about 2002 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

49.     Plaintiff, Eva Franks is an African-American farmer residing in Ardmore, OK who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

50.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

51.     Plaintiff was given Tracking # 68865-00 by the claims Monitor.

52.     In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

53.     Plaintiff, Willie Garvis is an African-American farmer residing in Pickens, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

15

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

54.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

55.    Plaintiff was given Tracking # 1575 by the claims Monitor.

56.    In or about 1994 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

57.    Plaintiff, Ernie L Gaskins is an African-American farmer residing in Forestville,

MD who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996,

and (b) applied for various loan programs with the Defendant USDA during the years of January

1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

58.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

16

the claims Monitor for reasons other than the merits of the claim.

     59.    Plaintiff was given Tracking # 26658-00 by the claims Monitor.

     60.    In or about 1981 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

     61.    Plaintiff, Dottie L Gholar is an African-American farmer residing in Oak Vale, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

     62.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

     63.    Plaintiff was given Tracking # 73894 by the claims Monitor.

     64.    In or about 1991 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

     65.    Plaintiff, Richard  Glenn is an African-American farmer residing in Monticello, FL

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

66.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

67.     Plaintiff was given Tracking # 143 by the claims Monitor.

68.     In or about 1977 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

69.     Plaintiff, Rena P. Graves is an African-American farmer residing in Cocoa, FL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

18

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

70.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

71.     Plaintiff was given Tracking # 02503700000 by the claims Monitor.

72.     In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

73.     Plaintiff, Edward G. Gregory is an African-American farmer residing in Lexington, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

74.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

75.     Plaintiff was given Tracking # 500003____ and Claim # 317 by the claims Monitor.

76.     In or about 1990 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

77.    Plaintiff, Arthur Hall is an African-American farmer residing in Safford, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

78.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

79.    Plaintiff was given Tracking # 1521 by the claims Monitor.

80.    In or about 1990 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

81.    Plaintiff, Carolyn Hall is an African-American farmer residing in Beulaville, NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

20

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

82.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

83.    Plaintiff was given Tracking # 127045 by the claims Monitor.

84.    In or about 1979 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon

plaintiff's race.

85.    Plaintiff, Jimmie  Hardy is an African-American farmer residing in Greensboro, AL

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

86.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

21

the claims Monitor for reasons other than the merits of the claim.

87.    Plaintiff was given Tracking # 116833 by the claims Monitor.

88.    In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

89.    Plaintiff, Rodney Jackson is an African-American farmer residing in Daleville, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

90.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

91.    Plaintiff was given Tracking # 00006570600 and Affidavit # 03251 by the claims Monitor.

92.    In or about 1986 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon

22

plaintiff's race.

93.     Plaintiff, Mary Alice James is an African-American farmer residing in Rose Hill,
NC who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and
(b) applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

94.     Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

95.     Plaintiff was given Tracking # 28377 by the claims Monitor.

96.      In or about 1993 plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

97.     Plaintiff, Barbara G King is an African-American farmer residing in Douglas, GA
who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate

23

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

98.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

99.    Plaintiff was given Tracking # 00007020200 and Affidavit # 03265 by the claims Monitor.

100.    In or about 1984 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

101.    Plaintiff, Charlotte N. Lee is an African-American farmer residing in Greensboro, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

102.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

24

the claims Monitor for reasons other than the merits of the claim.

103.    Plaintiff was given Tracking # 135692 by the claims Monitor.

104.    In or about 1986 plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

105.    Plaintiff, MARY A LEWIS is an African-American farmer residing in
HAYNEVILLE, AL who: (a) farmed or attempted to farm between January 1, 1981 and
December 31, 1996, and (b) applied for various loan programs with the Defendant USDA
during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and
continuous racial discrimination, including denial of his/her applications for farm ownership
loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial
damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but
prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant
USDA, causing him/her substantial damages.

106.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

107.    Plaintiff was given Tracking # 69565 by the claims Monitor.

108.    In or about 1982 plaintiff applied for a government loan to assist in the operation
of plaintiff's farming operations which assistance was denied by the defendant based solely upon
plaintiff's race.

109.    Plaintiff, Jimmy  Lowe is an African-American farmer residing in Caledonia, MS

25

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

110.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

111.    Plaintiff was given Tracking # 26476-00 by the claims Monitor.

112.    In or about 1983-84 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

113.    Plaintiff, Melvin Manning is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

114.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

115.    Plaintiff was given Tracking # 3382500 by the claims Monitor.

116.    In or about 1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

117.    Plaintiff, Iris L. Mizell is an African-American farmer residing in Wray, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

118.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

119.    Plaintiff was given Tracking # 116650 and Affidavit # 61642 by the claims

27

Monitor.

120.    In or about 1989 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

121.    Plaintiff, Lawrence W Morgan is an African-American farmer residing in Haskell, OK who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

122.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

123.    Plaintiff was given Tracking # 16292-00 and Claim # 6169 by the claims Monitor.

124.    In or about 1990 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

125.    Plaintiff, Betty R. Nelson is an African-American farmer residing in Fayette, MS

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

substantial damages.

126.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

127.    Plaintiff was given Tracking # 000055452 by the claims Monitor.

128.    In or about 1980's plaintiff applied for a government loan to assist in the

operation of plaintiff's farming operations which assistance was denied by the defendant based

solely upon plaintiff's race.

129.    Plaintiff, Mildred Nelson is an African-American farmer residing in Douglas, GA

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)

applied for various loan programs with the Defendant USDA during the years of January 1,

1981 and December 31, 1996, and was the subject of willful and continuous racial

discrimination, including denial of his/her applications for farm ownership loans, and appropriate

loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed

a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

29

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

130.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

131.    Plaintiff was given Tracking # 98588 by the claims Monitor.

132.    In or about 1986 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

133.    Plaintiff, Bobbie Pace is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

134.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

135.    Plaintiff was given Tracking # 128117 by the claims Monitor.

136.    In or about 1982 plaintiff applied for a government loan to assist in the operation

of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

137.    Plaintiff, Madglean Pace is an African-American farmer residing in Ambrose, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

138.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

139.    Plaintiff was given Tracking # 39118-00 and Affidavit # 39762 and 91944 by the claims Monitor.

140.    In or about 1970 & 1980 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

141.    Plaintiff, Mansfield Pace is an African-American farmer residing in Douglas, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1,

31

1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her
substantial damages.

142.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by
the claims Monitor for reasons other than the merits of the claim.

143.    Plaintiff was given Tracking # 4970700 and Affidavit # 52542 by the claims
Monitor.

144.    In or about 1980's plaintiff applied for a government loan to assist in the
operation of plaintiff's farming operations which assistance was denied by the defendant based
solely upon plaintiff's race.

145.    Plaintiff, Marcus Pace is an African-American farmer residing in Douglas, GA
who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b)
applied for various loan programs with the Defendant USDA during the years of January 1,
1981 and December 31, 1996, and was the subject of willful and continuous racial
discrimination, including denial of his/her applications for farm ownership loans, and appropriate
loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed
a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging
acts of discrimination, which complaint was denied by Defendant USDA, causing him/her

32

substantial damages.

146.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

147.    Plaintiff was given Tracking # 4970800 and Affidavit # 49344 by the claims Monitor.

148.    In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

149.    Plaintiff, Verlean Pritchett is an African-American farmer residing in Los Angeles, CA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

150.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

151.    Plaintiff was given Tracking # 00006808600 by the claims Monitor.

152.    In or about 1980's plaintiff applied for a government loan to assist in the

33

operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

153.    Plaintiff, Donald Smith is an African-American farmer residing in Greensboro, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

154.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

155.    Plaintiff was given Tracking # 13253 by the claims Monitor.

156.    In or about 1980's plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

157.    Plaintiff, Vernon Smith is an African-American farmer residing in Tchula,, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial

34

discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

158.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

159.    Plaintiff was given Tracking # 500001503-00 by the claims Monitor.

160.    In or about 1992 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

161.    Plaintiff, Debra  Ward is an African-American farmer residing in Greensboro, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

162.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by

the claims Monitor for reasons other than the merits of the claim.

163.    Plaintiff was given Tracking # 117299 by the claims Monitor.

164.    In or about 1985 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

165.    Plaintiff, J.B.  Williams is an African-American farmer residing in Greensboro, AL who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

166.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

167.    Plaintiff was given Tracking # 13803 by the claims Monitor.

168.    In or about 1983-1996 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

169.    Plaintiff, Juanita  Wilson is an African-American farmer residing in Broxton, GA

36

who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

170.    Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

171.    Plaintiff was given Tracking # 39922 by the claims Monitor.

172.    In or about 1982 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

173.    Plaintiff, Alice M Wolfe is an African-American farmer residing in Colquitt, GA who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging

37

acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

174.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

175.   Plaintiff was given Tracking # 582-00 and Affidavit # 28843 by the claims Monitor.

176.   In or about 1992 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

177.   Plaintiff, Clarence  Woods is an African-American farmer residing in Indianola, MS who: (a) farmed or attempted to farm between January 1, 1981 and December 31, 1996, and (b) applied for various loan programs with the Defendant USDA during the years of January 1, 1981 and December 31, 1996, and was the subject of willful and continuous racial discrimination, including denial of his/her applications for farm ownership loans, and appropriate loan servicing, by reason of his/her race, causing him/her substantial damages and (c) timely filed a complaint against Defendant USDA after January 1, 1981, but prior to July 1, 1997, alleging acts of discrimination, which complaint was denied by Defendant USDA, causing him/her substantial damages.

178.   Thereafter, Plaintiff filed a claim in the Pigford matter which claim was denied by the claims Monitor for reasons other than the merits of the claim.

179.   Plaintiff was given Claim # 72455 by the claims Monitor.

180.    In or about 1993 plaintiff applied for a government loan to assist in the operation of plaintiff's farming operations which assistance was denied by the defendant based solely upon plaintiff's race.

## COUNT I - REQUEST FOR RELIEF UNDER SECTION 14012 (DETERMINATION ON MERITS OF PIGFORD CLAIMS) OF THE FOOD, CONSERVATION, AND ENERGY ACT OF 2008

181.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

182.    Each of the Plaintiffs is an individual who had requested relief in the matter of *Pigford v. Glickman* but was refused compensation by the claims monitor who claimed that the Plaintiffs filed late or untimely claims. Therefore Plaintiffs never had their claims determined base upon the merits of those claims.

183.    Pursuant to Section 14012 (Determination on Merits of Pigford Claims) of the Act, Plaintiffs request that within one hundred twenty (120) days of filing of this Complaint that the Defendant provide to the Plaintiffs a report on farm credit loans made within the Plaintiffs' county or adjacent county by the Department during the period beginning on January 1 of the year preceding the year or years covered by the Complaint and ending on December 31 of the year following such year or years.

WHEREFORE, pursuant to Section 14012 (Determination on Merits of Pigford Claims), Subsection (f), of the Food, Conservation, and Energy Act of 2008, Plaintiffs, individually, demand judgment in their favor in the amount of $50,000.00 plus other relief afforded by the Act.

39

Respectfully Submitted,

BY: _____

Harris L. Pogust, Esquire
D.C. Bar No. AR0001
Pogust Braslow & Millrood, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
610-941-4204 ph.
610-941-4245 fax


DATED: __8/11__ **2008**


## **VERIFICATION**


I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____8 11_____, 2008.  X _____


40